In the Matter of Thomas J. **ASHTON, Jr.** and Linda M. Ashton, Ind. and d/b/a the Sports Section, Debtors.

STREATOR DIVISION OF LITTON BUSINESS SYSTEMS, INC., Plaintiff,

v.

Thomas J. **ASHTON, Jr.** and Linda M. Ashton d/b/a the Sports Section, Defendants.

Bankruptcy No. 84–00060E.
Adv. No. 84–0083.

United States Bankruptcy Court, W.D. Pennsylvania.

June 24, 1985.

Alan E. Cech and Bernstein & Bernstein, Pittsburgh, Pa., for plaintiff.

Bruce M. Johnson and Bozic, Thomas & Johnson, Meadville, Pa., for defendants.

Robert W. McFate, McFate, McFate, & McFate, Oil City, Pa., trustee.

## MEMORANDUM AND ORDER DISMISSING COMPLAINT

WM. B. WASHABAUGH, Jr., Bankruptcy Judge:

This action to determine non-dischargeability of a debt and for judgment therefor must be dismissed because the testimony of the plaintiff at the hearing did not support the allegations of the complaint and because the plaintiff did not meet the burden of proving the defendant's fraud in the face of the testimony of the defendant in denial of the plaintiff's charges and certain inconsistencies between the documentory evidence and the unsupported allegations of the complaint.

The plaintiff's complaint alleges the defendant placed an order for certain store fixtures agreed to be a cash sale and obtained a check from a business he had an undescribed connection with for the balance of $6,348.00 owing on the order and submitted it to the plaintiff's representative "so that the order would be shipped but ordered payment stopped before the check could be negotiated." The plaintiff's only witness, a representative of the company, however, said he couldn't say because he didn't know what material or equipment the defendant received or the amount of the balance he owed and could furnish no other information about the case.

The defendant testified, however, that he and his wife/co-debtor were the owners of a business in Oil City known as The Sports Section and also had an interest in the business of Schiaton Industries, Inc. hereinafter referred to; that he placed an order with the plaintiff for certain fixtures and equipment to be installed in the new location of The Sports Section of which debtors were the owners, for installation before the "Grand Opening" of its new location August 13, 1982 and that it was expressly agreed the plaintiff would make delivery of the purchased items in time for installation before said date.

The check was drawn on the account of Schiaton Industries, Inc., but the place of delivery set forth in the plaintiff's order form dated July 30, 1982 is "The Sport Section, 301 Duncomb Street, Oil City, Pennsylvania" and the name of the customer was stated to be Tom Ashton. The debtors had spent $2,000.00 in advertising their opening at the new location and had paid the plaintiff $1,500.00 on the account some time before August 4, 1982 when they delivered the check in question for the balance of $6,348.00. On August 6, 1982 they were informed by the plaintiff delivery could not be made of the equipment in time for installation before August 13, 1982 and on that date (August 6, 1982) the defendant stopped payment on the check. Fifty per cent of the goods were shipped

sometime after August 13, 1982 notwithstanding the stop order on the check which were defective and not in accordance with the contract and the plaintiff refused to deliver the balance of the goods at a later date in exchange for payment in full in cash which the debtors requested.

It is our conclusion under the above testimony that the debtors did not obtain delivery of the goods shipped after August 13, 1982 on the strength of the validity of the check and that they were justified in stopping payment thereon; that their action in so doing did not constitute a fraud. It is accordingly Ordered that the within be, and the same hereby is dismissed and denied.